RICHARD W. STORY, United States District Judge *1275 This case comes before the Court on Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [22], Defendant's Second Motion for Judicial Notice of Other Suits Filed by Plaintiff [23], Defendant's Third Motion for Judicial Notice of Other Suits Filed by Plaintiff [26], and Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Notice of Supplemental Authority [36]. After reviewing the record, the Court enters the following Order.
Background[1]
Plaintiff VaShaun Jones brought this action against Defendant Lanier Federal Credit Union alleging a violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12181 et seq. Plaintiff alleges that Defendant's website contains barriers that deny full use to those who are visually impaired.
Plaintiff is permanently blind and uses a screen reader to access the internet and read content on websites. (First Am. Compl., Dkt. [18] ¶ 7.) Defendant operates a website which provides information about its locations, services, and amenities. (Id. ¶ 8.) Plaintiff has attempted to access Defendant's website several times, but he has "been denied the full use and enjoyment of the facilities and services" of the website due to accessibility barriers. (Id. ¶ 7.) Specifically, Plaintiff alleges that the website has empty or missing form labels, has empty links that contain no text, and has redundant links. (Id. ¶ 18.) Plaintiff now seeks an injunction requiring Defendant to make the website accessible by visually-impaired individuals as well as attorneys' fees and costs.
As an initial matter, Defendant's Second Motion for Judicial Notice of Other Suits Filed by Plaintiff [23] and Defendant's Third Motion for Judicial Notice of Other Suits Filed by Plaintiff [26] are GRANTED as unopposed pursuant to Local Rule 7.1B. Additionally, Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Notice of Supplemental Authority [36] is DENIED , and the Court will consider both the Response by Defendant to Plaintiff's Notice of Supplemental Authority [34] and Plaintiff's Reply to Defendant's Response to Plaintiff's Notice of Supplemental Authority [35] in consideration of Defendant's motion to dismiss.
Analysis
I. Motion to Dismiss for Lack of Subject Matter Jurisdiction
Defendant argues that Plaintiff lacks standing because he is not a member of the credit union, nor is he eligible to become a member in the future. Article III of the Constitution limits the judicial power of the United States to the resolution of "Cases" and "Controversies." To meet the *1276 case-or-controversy requirement, a plaintiff must show (1) that he personally has suffered an actual or prospective injury as a result of the allegedly illegal conduct; (2) that the injury can be fairly traced to the challenged conduct; and (3) that the injury is likely to be redressed through court action." Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). Additionally, "[i]n ADA cases, courts have held that a plaintiff lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001).
Defendant argues that because Plaintiff is not a member, nor is he eligible for membership, Plaintiff cannot show that he has suffered a concrete injury or that he faces a real threat of future harm.[2] Membership is not, however, a prerequisite for standing. PGA Tour, Inc. v. Martin, 532 U.S. 661, 679, 121 S.Ct. 1879, 149 L.Ed.2d 904 (2001) ("Title III's broad general rule contains no express 'clients or customers' limitation...."); see also Brintley v. Aeroquip Credit Union, No. 17-13912, 321 F.Supp.3d 785, 790, 2018 WL 3497139, at *2 (E.D. Mich. Jul. 20, 2018). Plaintiff suffered a concrete injury when he attempted to access the website but was unable to fully and effectively utilize it. Additionally, he has adequately pled a threat of future discrimination by Defendant by alleging an intent to return to the website, where he will face barriers to access because he is visually-impaired.
As to redressibility, Defendant argues that even if Plaintiff receives a favorable outcome in this case, he will still be unable to access Defendant's services because he is ineligible for membership. "Redressability is established when a favorable decision would amount to a significant increase in the likelihood that the plaintiff would obtain relief that directly redresses the injury suffered." Fla. Wildlife Fed'n, Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1303-04 (11th Cir. 2011) (quoting Mulhall v. UNITE HERE Local 355, 618 F.3d 1279, 1290 (11th Cir. 2010) ). The injury Plaintiff seeks to address is not, as Defendant argues, an inability to access Defendant's services. It is instead an inability to access Defendant's website. An order from the Court requiring Defendant to remove the barriers Plaintiff faces when attempting to use Defendant's website would redress this injury.
The Court finds that Plaintiff has standing to bring this suit, and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [22] is denied as to standing.
II. Motion to Dismiss for Failure to State a Claim
A. Legal Standard
Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ). In order to withstand a motion to dismiss, "a complaint *1277 must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955 ). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.
At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 556 U.S. at 678, 129 S.Ct. 1937 ). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555, 127 S.Ct. 1955.
B. Analysis
Defendant makes two arguments as to why the First Amended Complaint [18] should be dismissed for a failure to state a claim. First, Defendant argues its website is not a place of public accommodation and is therefore not subject to the ADA. The ADA provides that:
No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.
42 U.S.C. § 12182(a). "The phrase 'public accommodation' is defined in terms of 12 extensive categories, which the legislative history indicates should be construed liberally to afford people with disabilities equal access to the wide variety of establishments available to the nondisabled." PGA Tour, Inc., 532 U.S. at 676-77, 121 S.Ct. 1879 (internal citations and quotations omitted).
It is undisputed that Defendant's physical locations are public accommodations. Defendant argues, however, that its website is not a public accommodation under the ADA. "Courts are split on whether the ADA limits places of public accommodation to physical spaces." Gil v. Winn Dixie Stores, Inc., 242 F.Supp.3d 1315, 1318 (S.D. Fla. 2017). Courts in the Third, Sixth, and Ninth Circuits have held that "places of public accommodation must be physical places, and that goods and services provided by a public accommodation must have a sufficient nexus to a physical place in order to be covered by the ADA." Id. at 1319. Courts in the First, Second, and Seventh Circuits have held that a website may be considered a public accommodation without a connection to a physical place. Id. While the Eleventh Circuit has not yet considered this issue, the Court finds that the outcome would be the same under either theory here.
Under the nexus test,[3] Plaintiff has sufficiently alleged a connection between Defendant's website and its physical locations. The website provides goods and services such as "information concerning the ... locations it operates [and] information and descriptions of its amenities and services, privileges, advantages, and *1278 accommodations," and it "allowed users to find the locations for them to visit." (First Am. Compl., Dkt. [18] ¶ 15.) Plaintiff further alleges that he "has been deterred from visiting [Defendant's] physical locations that Plaintiff may have located by using" the website." (Id. ¶ 20.) Viewing the facts as alleged in the light most favorable to Plaintiff, the "website is heavily integrated with, and in many ways operates as a gateway to, [Defendant's] physical store locations," and Plaintiff cannot fully and equally enjoy the goods and services offered by Defendant because of the website's inaccessibility. Gil, 242 F.Supp.3d at 1321 (finding that the ADA applied to a website that allowed customers to locate physical locations and fill prescriptions online). Plaintiff has alleged a nexus between Defendant's website and physical locations, and the ADA therefore applies to his claims.
Second, Defendant argues that since the Department of Justice has not promulgated standards governing the accessibility of websites under the ADA, the injunction Plaintiff seeks would violate due process under the void for vagueness doctrine. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). "Vagueness arises when a statute is so unclear as to what conduct is applicable that persons of common intelligence must necessarily guess at its meaning and differ as to its application." Wilson v. State Bar of Ga., 132 F.3d 1422, 1429 (11th Cir. 1998) (quoting United States v. Gilbert, 130 F.3d 1458, 1462 (11th Cir. 1997) (internal quotations omitted). The Court does not find that the ADA so unclear as to be unconstitutionally vague, even without the benefit of Department of Justice regulations.
Additionally, contrary to Defendant's argument, Plaintiff is not seeking an injunction imposing standards set forth in the Web Content Accessibility Guidelines 2.0, which are set by a private organization. Plaintiff instead seeks to require Defendant's compliance with the ADA, without dictating how Defendant must comply with the statute. Plaintiff's requested relief would therefore not violate due process. Accordingly, Plaintiff has stated a claim under the ADA, and Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [22] is denied as to this issue.
Conclusion
In accordance with the foregoing, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [22] is DENIED . Defendant's Second Motion for Judicial Notice of Other Suits Filed by Plaintiff [23] is GRANTED . Defendant's Third Motion for Judicial Notice of Other Suits Filed by Plaintiff [26] is GRANTED . Defendant's Motion to Strike Plaintiff's Reply to Defendant's Response to Plaintiff's Notice of Supplemental Authority [36] is DENIED . The parties are ORDERED to submit a Joint Preliminary Report and Discovery Plan within fourteen days.
SO ORDERED , this 26th day of September, 2018.

As the case is before the Court on a motion to dismiss, the Court accepts as true the facts alleged in the complaint. Cooper v. Pate, 378 U.S. 546, 546, 84 S.Ct. 1733, 12 L.Ed.2d 1030 (1964).

In Defendant's motion and various other filings, it points to the fact that Plaintiff has filed several similar lawsuits against other credit unions in Georgia. Plaintiff's status as a tester, however, does not preclude standing under the ADA. Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1332 (11th Cir. 2013).

In light of the fact that the Eleventh Circuit has not yet addressed this issue, the Court questions whether the nexus test applies in determining whether the ADA applies to websites. See Andrews v. Blick Art Materials, LLC, 268 F.Supp.3d 381 (E.D.N.Y. 2017).